GEORGE SALTZMAN, Respondent, *v.* HARRY BARSON and Another, Copartners, Doing Business under the Firm Name of BARSON & BISHOP, Appellants.

First Department, July 2, 1924.

Sales — action to recover damages for breach of contract to manufacture shirts — alleged contract is merely price list for work proposed to be done and contains no obligation on either party.

An action cannot be maintained for the breach of an alleged written contract for the manufacture of shirts, where the contract is merely a price list of the cost to manufacture shirts for a certain period and does not contain any agreement

by either party to manufacture the shirts or to accept them and pay therefor, and where the evidence tends to establish that the paper was drawn up during preliminary negotiations whereby it was proposed that the defendants would commence the manufacture of shirts and that the plaintiffs would furnish them with the cloth and buy the shirts from them and would advance a sufficient amount of money for them to start in business.

APPEAL by the defendants, Harry Barson and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 23d day of October, 1923, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 24th day of October, 1923, denying the defendants' motion for a new trial made upon the minutes.

*Miller, Bretzfelder & Ruskay* [*Cecil B. Ruskay* of counsel; *Bertram Bodenheimer* with him on the brief], for the appellants.

*Max Silverstein,* for the respondent.

McAVOY, J.:

Plaintiff recovered judgment for damages after a jury trial. The plaintiff was a manufacturer of shirts in New York city, and in July, 1919, claimed to have had a conversation with defendants in Lehighton, Penn. The defendants were shirt manufacturing contractors, and after this conversation plaintiff wrote out in his own handwriting what he claimed to be a contract to manufacture shirts for him, and which defendants claim is merely a price list of the cost to manufacture shirts for a certain period; and it is this paper which, it is claimed, constitutes the contract between the parties. Most of the paragraphs in the contract refer to description of shirts and the price to be paid for their manufacture. The promissory clause reads:

" All prices are made for a period of six (6) months, week commencing Aug. 1, 1919, and terminating week ending Feb. 1, 1920, after which time they will be subject to change.

" It is understood that not less than 300 doz. per week should be sent in by either party."

No work was ever done by either of the parties under this agreement, and defendants are claimed to have breached the agreement by their letters sent to plaintiff in which they said that they would not be able to undertake the work.

Defendants attempted to show that the paper was a mere memorandum of prices preliminary to the entry into a formal contract under which plaintiff was to advance moneys and defendants were to set up a shirt factory or plant of their own and to work for the plaintiff, if the factory was established, under a contract

thereafter to be drawn. This evidence was excluded because it was thought by the court that all of the parties' agreement was embodied in the so-called memorandum of prices.

Defendants testified that when they signed the price list, as they call it, they were working in the factory of one Unterberg & Co., and that they owned no factory and were not in possession of any machines to do the proposed work for the plaintiff and could not have undertaken to do the work without the financial assistance promised to the amount of $2,000. This evidence was afterwards excluded upon the ground that the conversations beforehand were merged in the written agreement.

The defendants also had a counterclaim for their losses through not receiving the $2,000 to enable them to get the necessary machinery to manufacture the shirts. They claim they were prevented from so manufacturing by plaintiff's default, and that they lost $3,600 profits. This counterclaim was dismissed on the ground that there was no proof of a promise to pay the $2,000, at all events that it was merely a conditional promise even under defendants' version; and a verdict was then directed for the plaintiff, leaving only the assessment of plaintiff's damages to the jury. The damages were fixed in the charge at the cost of manufacture of this class of shirts, less the price for which the defendants were to make the shirts under the contract.

The so-called promissory clauses of the contract do not show an agreement on the part of the plaintiff to ship no less than 300 dozen shirts per week, and upon the part of the defendants to complete the manufacture of such shirts in not less than that quantity during the period from August 1, 1919, to February 1, 1920.

The paper and these clauses which are claimed to make the price list contractual are apparently merely a publication of prices for a period of six months and the declaration that such prices were based on a production of not less than 300 dozen shirts per week. The circumstances show that at the time of the signing of the paper defendants had no factory of their own, that is, in July, 1919, they were engaged in manufacturing in the factory of Unterberg & Co., and that plaintiff knew they could not carry out the contract unless a factory were provided for them or by them. There was no obligation recited in this paper or inferable from its language, by which plaintiff undertook to ship shirts for the period mentioned therein, or by which defendants agreed to manufacture shirts during any definite period of time.

The trial court's reading into the paper an agreement of defendants to manufacture not less than 300 dozen shirts per week for six months commencing on August 1, 1919, was not justified by

the language therein, and no words upon either side's duty are " instinct with obligation " on the part of the other. Nothing in this contract shows at what time defendants were to begin manufacture, or at what time plaintiff might terminate his shipping of goods to be manufactured. The paper merely shows a price list based on the shipment of not less than 300 dozen shirts per week with a statement that prices are to be readjusted at the end of six months. Neither the time of commencement nor of ending is mentioned. Plaintiff is not obligated to ship 300 dozen shirts per week, nor does he agree to do so. There is no undertaking to pay on the part of the plaintiff, and no undertaking or promise to work on the part of defendants; and we think under the circumstances the complaint should be dismissed.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., DOWLING, SMITH and MARTIN, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.